I concur with the majority's conclusion that defendant was negligent in adequately supervising plaintiff's cell block. The failure of defendant's employees to adequately supervise plaintiff's cell block resulted in two inmates entering plaintiff's cell block. These inmates were not assigned to plaintiff's cell block, had been previously identified as members of a security threat group, had just acted in a threatening manner towards plaintiff, and the officers on duty were aware of this threat. However, based upon a review of the testimony and evidence, I do not believe there is competent evidence showing that defendant's employees negligently allowed the two assailants into plaintiff's cell.
The majority has found that defendant's employees were negligent in allowing the two assailants entry into plaintiff's cell. However, I believe there is no evidence in the record to support such a finding. There was no testimony or evidence specifying how plaintiff's cell door was unlocked. If plaintiff's testimony is credible in that he locked his cell door, the only way the assailants could have gained access to plaintiff's cell is if Officer Cole unlocked plaintiff's cell door from the control booth. However, there is no testimony or evidence tending to show that Officer Cole unlocked plaintiff's cell door. On the contrary, it would be unreasonable and illogical to find or infer that Officer Cole unlocked plaintiff's cell door when, shortly before the incident, Officer Cole had stepped in to assist plaintiff when he was being followed by the very same inmates that ultimately attacked him. *Page 8 
One could just as easily infer that plaintiff, when returning to his cell for a nap, failed to completely close and lock his cell door. Under this scenario, plaintiff would be contributorily negligent given that he had just been approached by the assailants who requested money from plaintiff and had been followed to the sally port area of his unit, requiring plaintiff to report their presence to Officer Cole.
As there is no competent evidence to support a finding of fact that defendant's employee's unlocked plaintiff's cell door, I do not believe we can conclude that defendant's employees were negligent in allowing the two assailants into plaintiff's cell.
For these reasons, I believe plaintiff has failed to show negligence on the part of defendant and lack of contributory negligence on the part of plaintiff.
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1